REBECCA L. MASTRANGELO, ESQ.
Nevada Bar No. 5417
ROGERS, MASTRANGELO, CARALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Telephone: (702) 383-3400
Facsimile: (702) 384-1460

*Attorneys for Defendant*
OTIS ELEVATOR COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SEBASTIAN SYMEONIDES, an Individual, | Case No. 2:23-cv-854 |
| Plaintiff, | **DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL** |
| v. | |
| TRUMP RUFFIN COMMERCIAL, LLC, a Foreign Limited-Liability Company d/b/a TRUMP INTERNATIONAL LAS VEGAS and TRUMP INTERNATIONAL HOTEL & TOWER LAS VEGAS; TRUMP RUFFIN TOWER I, LLC, a Foreign Limited-Liability Company; TRUMP INTERNATIONAL HOTELS MANAGEMENT, LLC, a Foreign Limited-Liability Company; OTIS ELEVATOR CORPORATION, a Foreign Corporation; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through XX inclusive, | |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Otis Elevator Company ("Defendant" or "Defendant Otis"), through undersigned counsel, hereby files this Notice of Removal to effect removal of this civil action from the Eighth Judicial District Court in and for Clark County, Nevada, where it is filed as Case No. A-23-868859-C, to the United States District Court

of Nevada in Las Vegas.

In support of this Notice of Removal, Defendant states as follows:

**BACKGROUND**

1. On or about April 12, 2023, Plaintiff Sebastian Symeonides ("Plaintiff"), filed a Complaint ("Complaint") in the civil action styled as *SEBASTIAN SYMEONIDES v. TRUMP RUFFIN COMMERCIAL, LLC, a Foreign Limited-Liability Company d/b/a TRUMP INTERNATIONAL LAS VEGAS and TRUMP INTERNATIONAL HOTEL & TOWER LAS VEGAS; TRUMP RUFFIN TOWER I, LLC, a Foreign Limited-Liability Company; TRUMP INTERNATIONAL HOTELS MANAGEMENT, LLC, a Foreign Limited-Liability Company; OTIS ELEVATOR CORPORATION, a Foreign Corporation; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through XX inclusive*, in the Eighth Judicial District Court in and for Clark County, Nevada, Case No. A-23-868859-C ("State Court Action"). True and correct copies of all processes and pleadings served upon or available to Defendant at the time of this Notice of Removal, namely the Summons and Complaint filed in the State Court Action, are attached to the Declaration of Rebecca L. Mastrangelo in support of this Notice of Removal ("Mastrangelo Decl.") as **Exhibit A** thereto, and incorporated herein by reference.

2. The Complaint sets forth causes of action for Negligence and Res Ipsa Loquitor against Defendant Otis Elevator Company and Co-Defendants Trump Ruffin Commercial, LLC; Trump Ruffin Tower I, LLC; and Trump International Hotels Management, LLC (collectively, "Co-Defendants"), as well as a cause of action for Products Liability against Defendant Otis only. See Exh. A, Complaint, pp. 4-7.

3. The Complaint alleges that on or around February 14, 2022, at Trump International Hotel Las Vegas, a.k.a. Trump International Hotel & Tower Las Vegas, located at 2000 Fashion Show Drive, Las Vegas, Nevada 89109 (the "Subject Premises"), Plaintiff was in an elevator at the Subject Premises (the "Subject Elevator") when it allegedly stopped and dropped unexpectedly while he was inside of it. Exh. A, Complaint, ¶ 10. Plaintiff further contends he was an invited patron and overnight guest of Co-Defendants at the Subject Premises at the time of the alleged incident, and that Co-Defendants are the owners, managers, supervisors, maintainers, operators, and/or controllers of the Subject Premises. *Id*. at ¶¶ 8- 9. Plaintiff also contends Defendant Otis was the designer, manufacturer, producer, distributor,

installer, and/or holder of the maintenance contract for the Subject Elevator. *Id*. at ¶ 11.

4. Plaintiff contends that the alleged incident resulted in "severe and permanent" injuries to his body, inclusive of his nervous system; pain, suffering, and emotional distress; loss of enjoyment of life; loss of income; and loss of household services. Exh. A, Complaint, ¶¶ 17-18, 24-25, 30-31. Plaintiff further contends that the alleged incident will result in a need for future medical treatment; future pain, suffering, and emotional distress; future loss of enjoyment of life; future loss of income and/or earning capacity; and future loss of household services. *Ibid*.

5. Defendant was served with the Summons and Complaint in the State Court Action on May 1, 2023.

6. As specifically shown below, there is complete diversity between Plaintiff, Defendant, and Co-Defendants. 28 U.S.C. § 1441; Exh. A, Complaint, ¶¶ 1-5; Mastrangelo Decl., ¶ 4.

7. As specifically shown below, based on the allegations of the Complaint, Plaintiff contends an amount in controversy in excess of the sum or value of $75,000.00, exclusive of interest and costs, as required for a removal pursuant to 28 U.S.C. § 1332. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); Exh. A, Complaint, ¶¶ 17-18, 24-25, 30-31.

8. The undersigned counsel for Defendant certifies, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that she met and conferred with Co-Defendants' counsel who represented all Co-Defendants have consented to join Defendant in this Notice of Removal. Mastrangelo Decl., ¶ 4. *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).

9. The Notice of Removal is filed timely. Pursuant to 28 U.S.C. §1446(b), the Notice is filed within thirty (30) days of receipt by Defendant of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

## DIVERSITY OF CITIZENSHIP

10. Plaintiff is a resident of Virginia and does not allege a permanent association or affiliation of any kind with any state other than Virginia. Exh. A, Complaint, ¶ 1.

11. A corporation is deemed to be a citizen of the state or states where it is incorporated and maintains "its principal place of business." 28 U.S.C. § 1332(c)(1).

12. Defendant is incorporated in New Jersey and has its principal place of business in Connecticut. Mastrangelo Decl., ¶ 3. Defendant is therefore a citizen of New Jersey and Connecticut, and not Nevada, for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

13. The citizenship of a limited liability company is determined by examining the citizenship of each owner/member of the company, such that it is a citizen of every state in which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

14. Defendants sued under fictitious names are disregarded in determining diversity of citizenship. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

15. Co-Defendant Trump Ruffin Commercial, LLC is alleged to be a limited liability company foreign to Nevada and doing business in Clark County, Nevada. Exh. A, Complaint, ¶ 2. Co-Defendant Trump Ruffin Tower I, LLC is alleged to be a limited liability company foreign to Nevada and doing business in Clark County, Nevada. *Id*. at ¶ 3. Co-Defendant Trump International Hotels Management, LLC is alleged to be a limited liability company foreign to Nevada and doing business in Clark County, Nevada. *Id*. at ¶ 4. Based on the allegations of the Complaint, inclusive of the jurisdictional facts stated therein, none of Co-Defendants' owners/members are citizens of Virginia or Nevada for purposes of determining diversity. Mastrangelo Decl., ¶ 4; *Johnson, supra*, 437 F.3d at 899; see *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567.

16. Accordingly, this action involves "citizens of different States." See 28 U.S.C. § 1332(a)(1). As Plaintiff appears to be a citizen of Virginia only, Defendant is a citizen of New Jersey and Connecticut only, and Co-Defendants appear to be citizens of states other than Nevada and Virginia, with the subject incident alleged by Plaintiff to have occurred exclusively within Nevada, removal of this action is proper under 28 U.S.C. § 1441(b) on the basis of diversity of citizenship.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

17. Pursuant to 28 U.S.C. § 1332, and upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4
DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

18. Plaintiff alleges that, "[o]nce entering the Subject Elevator, the elevator began to drop almost immediately, stopped, elevated and dropped again, as the Subject Elevator malfunctioned, causing Plaintiff great pain, and suffering to his person." Exh. A, Complaint, ¶ 10.

19. Plaintiff alleges that as a result of the subject incident, he "was caused to be hurt and sustain injury to his respective health, strength and well-being, sustain severe and permanent injury to body, and shock and injury to the nervous system and person, and pain, suffering, anxiety, and emotional distress, all of which have caused Plaintiff and will continue to cause Plaintiff in the future, severe mental, physical, nervous pain and suffering, and loss of enjoyment of life." Exh. A, Complaint, ¶¶ 17, 24, and 30.

20. Plaintiff further alleges that as a result of the subject incident, he "was required to, and did, employ physicians and other health care providers to examine, treat, and care for him and did incur medical and incidental expenses thereby. Plaintiff also suffered loss of income and household services, and in the future Plaintiff will lose income and/or earning capacity and household services." Exh. A, Complaint, ¶¶ 18, 25, and 31.

21. Plaintiff affirmatively pleads damages for his separate causes of action for Negligence, Res Ipsa Loquitor, and Products Liability. Ex. A, Complaint, ¶¶ 17-18, 24-25, and 30-31. In each of those causes of action, Plaintiff separately alleges general damages "in excess of $15,000.00" and special damages "in excess of $15,000.00," with $15,000.00 being the minimum jurisdictional amount for civil matters in the Eighth Judicial District Court. Under Nevada Rule of Civil Procedure 8, subdivision (a)(4), if a plaintiff "seeks more than $15,000 in monetary damages, the demand for relief may request damages 'in excess of $15,000' without further specification of the amount."

22. Plaintiff also seeks a separate award of attorneys' fees and costs. Exh. A, Complaint, ¶¶ 19, 26, and 33.

23. In his prayer for relief, Plaintiff seeks "a sum in excess of $15,000.00 for past and future medical treatment;" "a sum in excess of $15,000.00 for past and future pain and suffering, anxiety, mental anguish, emotion [sic] distress, disfigurement, loss of enjoyment of life and general damages; "a sum to be determined at trial for past and future loss of income, loss of earning capacity, and loss of household services;" "reasonable attorneys' fees and costs of suit;" and "pre-judgment and post-judgment interest, as allowed by law." Based on the allegations of his Complaint, Plaintiff accordingly prays for aggregate

damages for these five categories which exceed $75,000.00.

24. Plaintiff's allegations and requests for damages against Defendant and Co-Defendants establish that he is seeking damages in excess of the $75,000 amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332(a).  § 1446(c)(2)(B); *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 962-963 (9th Cir. 2020); *Sanchez v. Monument Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996).

### THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

25. All named state court Defendants normally must join in a Notice of Removal. *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998).

26. The need for any Defendants to join a Notice of Removal requires that said Defendants first be served with the Summons and Complaint which is to be removed.  28 U.S.C. § 1446(b)(2)(A).

27. Pursuant to *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009), the undersigned counsel for Defendant met and conferred with Co-Defendants' counsel who represented that his clients consent to joining Defendant in this Notice of Removal. Mastrangelo Decl., ¶ 4.

28. All served parties are being provided with a written notice of the filing of this Notice of Removal and a copy of this Notice of Removal is being filed with the State Court Clerk, as provided by law. 28 U.S.C. § 1446(d).

29. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

30. The allegations of this Notice of Removal are, upon information and belief, true and correct, and within the jurisdiction of this Court, such that this action is removable to this Court.

31. The above-captioned Court is the proper District Court for removal because the State Court Actions is pending within the District of Nevada.

32. If any questions arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

33. If Plaintiff seeks remand under the premise that his injuries do not exceed $75,000.00, Defendant asks that, prior to remand, this Court order Plaintiff to stipulate that he would not seek to recover any judgment against any defendant in this matter in excess of $75,000.00

/ / /

WHEREFORE, Defendant desires to remove this case to the United States District Court for the District of Nevada at Las Vegas, being the district and division of said Court for the county in which said action is pending, and prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

DATED:  May 31, 2023                                    ROGERS, MASTRANGELO, CARALHO & MITCHELL


By: */s/ Rebecca L. Mastrangelo*
Rebecca L. Mastrangelo
Attorney for Defendant
OTIS ELEVATOR COMPANY.

**CERTIFICATE OF SERVICE**

I certify that on this 31st day of May 2023, the foregoing was filed via the Court's CM/ECF system, which generated a notice of electronic filing with links to true and correct copies of the foregoing document for service, and further that this document and all attachments were transmitted via U.S. Mail and email upon the following counsel of record:

| | |
|---|---|
| Peter S. Christiansen, Esq.<br>R. Todd Terry, Esq.<br>Kendelee Leascher Works, Esq.<br>Whitney J. Barrett, Esq.<br>Keely P. Chippoletti, Esq.<br>CHRISTIANSEN TRIAL LAWYERS<br>710 S. 7th Street, Suite B<br>Las Vegas, Nevada 89101<br>*Attorneys for Plaintiff* | David B. Avakian, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>6385 South Rainbow Blvd., Suite 600<br>Las Vegas, NV 89118<br>*Attorneys for Defendants*<br>*Trump Ruffin Commercial, LLC d/b/a Trump International Las Vegas and Trump International Hotel & Tower Las Vegas; Trump Ruffin Tower I, LLC; Trump International Hotels Management, LLC* |

/s/: *Kathy Vigil*   .
An Employee of
Rogers, Mastrangelo, Carvalho & Mitchell