**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Sebastian Symeonides,<br><br>        Plaintiff<br>v.<br><br>Trump Ruffin Commercial, LLC, et al.,<br><br>        Defendants | Case No.: 2:23-cv-00854-JAD-MDC<br><br>**Order Granting Motion to Remand and Denying without Prejudice All Remaining Motions**<br><br>[ECF Nos. 90, 91, 92, 119, 127] |

      Virginia citizen Sebastian Symeonides sues Trump Ruffin Commercial LLC, its affiliated entities (collectively, "the Hotel defendants"), and Otis Elevator Corporation for injuries he claims he sustained when an elevator malfunctioned at the Trump Hotel in Las Vegas.  Otis removed this case from state court under diversity jurisdiction, representing that it was a citizen of New Jersey and Connecticut.  Otis's counsel filed a declaration stating that she spoke with counsel for the Hotel defendants, who "did not represent that any of [those entities had] owners/members" who were citizens of Virginia or Nevada and "otherwise did not dispute plaintiff's contention in the complaint" that they are "foreign to Nevada."[1]  So litigation proceeded in this court for approximately two-and-a-half years.  After this court ruled on Otis's summary-judgment motion and directed the parties to file a joint pretrial order, Symeonides filed a motion to remand arguing that the Hotel defendants, three of whom are limited-liability companies, failed to adequately allege the citizenship of their members and thus failed to meet their burden to establish removal jurisdiction.[2]

---

[1] ECF No. 3 at 2, ¶ 4.

[2] ECF No. 127.

In response, the Hotel defendants filed an amended certificate of interested parties identifying the citizenship of each member of the defendant LLCs.[3] Though none of the defendant members are Virginia citizens, one of the corporations nested within the membership of two defendants—Trump Ruffin Commercial LLC and Trump Ruffin Tower I LLC—is a Nevada corporation.[4] In his reply, Symeonides acknowledges that the defendants have shown that complete diversity does exist because none of the members are Virginia citizens.[5] But he now argues that the defendants violated the forum-defendant rule, which acts to prevent removal when a defendant is a citizen of the forum state. Otis and the Hotel defendants insist that Symeonides waived any argument based on the forum-defendant rule because it is a procedural defect that must be raised within 30 days of removal.[6] Symeonides responds that he is entitled to equitable tolling of that deadline because the Hotel defendants didn't provide notice of their citizenship until he moved for remand based on their inadequate proof of diversity jurisdiction.[7]

I find that the 30-day deadline to raise procedural defects in removal is subject to the equitable-tolling doctrine, and I apply it here. The Hotel defendants had the obligation to prove their citizenship upon removal in this diversity case. Because they failed to do so, Symeonides only learned of the forum-defendant problem after the Hotel defendants were held to their proof.

---

[3] ECF No. 131.

[4] The Hotel defendants' amended certificate of interested parties identifies the sole member of Trump Ruffin Commercial LLC as Trump Ruffin Tower I, LLC, whose sole member is Trump Ruffin LLC, whose members are Trump Las Vegas Managing Member LLC, Trump Las Vegas Member LLC, and Hyde Park LLC. Trump Las Vegas Member LLC has two members: Trump Las Vegas Corp. and DJT Holdings LLC. Trump Las Vegas Corp. is a Nevada corporation. *Id.* at 2–3.

[5] ECF No. 133.

[6] ECF Nos. 130, 132, 139.

[7] ECF No. 133.

Under these circumstances, I conclude that Symeonides's deadline to raise the forum-defendant rule was tolled until the Hotel defendants filed an adequate certificate of interested parties and that this case is subject to remand based on that rule. So I remand this case and deny all pending motions without prejudice to the parties' ability to refile them in state court.

**Discussion**

Under 28 U.S.C. § 1441(b)(2), "a civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."[8] Coined "the forum-defendant rule," § 1441(b)(2) recognizes that the purpose of diversity jurisdiction "is to protect out-of-state defendants from possible prejudices in state court"—a purpose that doesn't apply if the defendant is a citizen of the forum state.[9] Absent the "need for such protection," the forum-defendant rule "allows the plaintiff to regain some control over forum selection."[10] Under 28 U.S.C. § 1447(c), a motion to remand based on the forum-defendant rule "must be made within 30 days after the filing of the notice of removal."[11] The forum-defendant rule is procedural, not jurisdictional, and thus can be waived.[12]

---

[8] Although Symeonides originally filed his remand motion on jurisdictional grounds, the parties agree that the Hotel defendants' amended certificate of interested parties—which contains, for the first time, the citizenship of each member of each defendant LLC—satisfies the defendants' burden to show that complete diversity exists. So I focus on the only remaining issue in this remand motion: whether Symeonides can seek remand based on the forum-defendant rule at this juncture. This court ordered surreply briefing on that specific issue. ECF Nos. 138, 139.

[9] *Lively v. Wild Oats Market, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006).

[10] *Id.*

[11] 28 U.S.C. § 1447(c); *Lively*, 456 F.3d at 939 (holding that § 1441(b) violations are subject to § 1447(c)'s 30-day time limit).

[12] *Lively*, 456 F.3d at 940–41.

The Hotel defendants acknowledge that one member of a defendant LLC is a Nevada citizen, but they contend that Symeonides waived his right to seek remand on that basis.[13] Symeonides blew the 30-day deadline by about two years, they argue, so he cannot rely on the forum-defendant rule at this late stage in the proceedings. Symeonides responds that the court should equitably toll that deadline because the Trump defendants failed to correct the record about the citizenship of its LLC members and only did so after he filed his jurisdictional remand motion.[14]

The defendants contend that the Ninth Circuit's 2006 opinion in *Lively v. Wild Oats Market, Inc.*[15] forecloses Symeonides's tolling argument.[16] In *Lively*, a state case was removed from California state court on the basis of diversity jurisdiction—the defendant held itself out to be a citizen of Delaware and Colorado.[17] But eight months into litigation, the court issued an order to show cause why the case should not be remanded, noting that the defendant's principal place of business appeared to be California, not Colorado.[18] The district court ultimately remanded sua sponte, finding that the defendant had violated the forum-defendant rule.[19]

The Ninth Circuit reversed. It held that the forum-defendant rule is a procedural rule, not a jurisdictional one, and is thus subject to waiver.[20] So the panel concluded that the district court

---

[13] ECF Nos. 130, 139.
[14] ECF No. 133.
[15] *Lively*, 456 F.3d 933.
[16] ECF No. 139 at 5–6.
[17] *Lively*, 456 F.3d at 936.
[18] *Id.*
[19] *Id.* at 936–37.
[20] *Id.* at 939–41.

exceeded its authority by sua sponte remanding the case since the plaintiff didn't raise that issue within the 30-day time limit dictated by statute.[21]

The defendants contend that *Lively* bars applying equitable tolling to § 1447(c)'s 30-day deadline. But *Lively* does not stand for that proposition. It merely confirmed that procedural defects challenged under § 1447(c) are not jurisdictional, so a plaintiff waives the challenge if he fails to raise it. The Ninth Circuit explained that "[a] procedural characterization of this rule" honors the purpose of the rule—allowing "the plaintiff to regain some control over forum selection"—"because the plaintiff can either move to remand the case to state court within the 30-day time limit, or allow the case to remain in federal court by doing nothing."[22] But the *Lively* court did not address whether that purpose would still be fulfilled if the plaintiff was prevented from learning information that would have supported a remand motion based on the forum-defendant rule until after the 30-day time limit expired. So contrary to the defendants' assertions, the Ninth Circuit has not directly addressed whether § 1447(c)'s 30-day deadline to raise procedural defects in removal is subject to equitable tolling.[23]

---

[21] *Id.* at 942.

[22] *Id.* at 940.

[23] The Hotel defendants contend that the *Lively* plaintiff raised the argument that the defendant misrepresented its citizenship in her appellate brief, and because the Ninth Circuit didn't address that argument, I should presume that it impliedly rejected it. ECF No. 139 at 6. First, that contention drastically overstates the *Lively* plaintiff's appellate argument. Though she mentioned the misrepresentation in the background of her appellate brief, her arguments focused solely on whether § 1447(c)'s time limit is jurisdictional and whether the Ninth Circuit had jurisdiction to review the district court's remand order. *See id.* at 16–34 (Lively's appellate brief). Second, the defendants' misrepresentation was not at issue—the district court's authority to sua sponte remand to rectify that misrepresentation was the only issue that the Ninth Circuit evaluated. So I do not interpret the Ninth Circuit's *Lively* opinion to express any opinion on whether a misrepresentation of citizenship may be grounds to apply equitable tolling when the issue is properly raised by a plaintiff challenging removal after the § 1447(c) deadline lapsed.

"Statutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling."[24] The United States Supreme Court recently confirmed that "nonjurisdictional timing rules are presumptively subject to equitable tolling."[25] So the *Lively* court's finding that § 1447(c) is a nonjurisdictional, waivable time limit actually weighs in favor of concluding that it is also subject to equitable tolling.

Several other courts have held that equitable tolling applies to § 1447(c), too. For example, in *Olson v. Lui*, the District of Hawaii noted that the statute's 30-day deadline "is not absolute," citing cases in which courts have tolled the deadline when a removing defendant "fail[ed] to provide notice of the removal to the adverse parties as required under 28 U.S.C. § 1446(d)."[26] Because it wasn't clear that the defendant properly notified one of the plaintiffs in that case, the *Olson* court tolled the § 1447(c) deadline until the date upon which the plaintiff received proper notice.[27] In *Nipponkos Ins. Co. v. GlobeGround Services, Inc.*, the Northern District of Illinois found that, though a procedural challenge to removal must be raised within 30 days, because the removing defendant misstated its citizenship, the plaintiff "would still have until 30 days after that information is first disclosed to move for a remand" based on the forum-defendant rule.[28] In *Roe v. Donohue*, the Seventh Circuit assumed "that the 30-day period [under § 1447(c)] is subject to equitable tolling and estoppel, so that a defendant's misrepresentation

---

[24] *United States v. Locke*, 471 U.S. 84, 94 n.10 (1985).

[25] *Harrow v. Dep't of Def.*, 601 U.S. 480, 489 (2024).

[26] *Olson v. Lui*, 2011 WL 5330445, at *6 (D. Haw. Nov. 4, 2011) (citing *Byfield v. Niaz*, 2011 WL 25705 (S.D.N.Y. Jan. 10, 2001); *Doyle v. Staples*, 2000 WL 194685 (E.D.N.Y. Feb. 18, 2000)); *see also Shkolnik v. Citimortgage, Inc.*, 2011 WL 6001138, at *2 (C.D. Cal. Dec. 1, 2011) (collecting cases tolling § 1447(c)'s deadline under similar circumstances).

[27] *Id.* at *8.

[28] *Nipponkos Ins. Co. v. GlobeGround Servs., Inc.*, 2006 WL 2861126 (N.D. Ill. Sept. 28, 2006).

may be challenged when the truth comes out."[29] And the Western District of Wisconsin held that equitable tolling should apply to § 1447(c) because, if it didn't, "a cagey defendant could conceal defects in a notice of removal . . . with no consequence once the 30-day limit has passed."[30]

I adopt the reasoning of those courts and conclude that equitable tolling may apply to extend the 30-day time limit under § 1447(c), and it does here. Otis's notice of removal indicated that counsel for the Hotel defendants, all of which were properly served at the time of removal, did not contest the assertion that none of their members or owners were Nevada citizens. The Hotel defendants also didn't comply with Federal Rule of Civil Procedure 7.1's requirement that all parties in a case based on diversity jurisdiction must "file a disclosure statement" that names "and identif[ies] the citizenship of . . . every individual or entity whose citizenship is attributed to that party" when the action is removed to federal court.[31] Indeed, their original certificate provided no citizenship information at all.[32] They corrected the misstatement of their citizenship only after Symeonides filed a motion to remand based on the defendants' inadequate proof of diversity jurisdiction. I find that the Hotel defendants' failure to comply with the rules of this court prevented Symeonides from learning the information that would have permitted him to seek remand within the 30-day time limit. So that limit was tolled to August 4, 2025, the date the Hotel defendants filed an amended certificate of interested parties that

---

[29] *Roe v. O'Donohue*, 38 F.3d 298, 302 (7th Cir. 1994), *abrogated on other grounds by Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

[30] *Bank of New York Mellon v. Glavin*, 2012 WL 13069923, at *1 (W.D. Wis. Mar. 15, 2012).

[31] Fed. R. Civ. P. 7.1(a)(2).

[32] *See* ECF No. 7.

properly identified the citizenship of each member of each defendant LLC.[33] And because it is uncontested that two of those defendants share a member with Nevada citizenship, the forum-defendant rule applies and this case must be remanded back to state court. So I deny all remaining motions without prejudice to the parties' ability to refile them in state court.

**Conclusion**

IT IS THEREFORE ORDERED that Symeonides's motion to remand **[ECF No. 127] is GRANTED**. The Clerk of Court is directed to **REMAND this case back to the Eighth Judicial District Court, Department 27, Case No. A-23-868859-C,** along with a copy of the complete public docket sheet for this case and a copy of this order, and CLOSE THIS CASE.

IT IS FURTHER ORDERED that all pending motions **[90, 91, 92, 119] are DENIED without prejudice to the parties' ability to refile them in state court.** The Clerk of Court is directed to MAINTAIN THE SEAL on ECF No. 90. This case returns to state court with no motions pending.

_____
U.S. District Judge Jennifer A. Dorsey
October 20, 2025

---

[33] Symeonides raised this equitable-tolling issue just a week later. ECF No. 133.